IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DAKOTA HOLT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| vs. ) | |
| ) | FILE No. _____ |
| DESH ENTERPRISES, INC., ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

COMES NOW, DAKOTA HOLT, by and through the undersigned counsel, and files this, his Complaint against Defendant DESH ENTERPRISES, INC. pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendant's failure to remove physical barriers to access and violations of Title III of the ADA.

## PARTIES

2. Plaintiff DAKOTA HOLT (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in Kennesaw, Georgia (Fulton County).

3. Plaintiff is disabled as defined by the ADA.

4. Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and/or pinching.

5. Plaintiff uses a wheelchair for mobility purposes.

6. Defendant DESH ENTERPRISES, INC. (hereinafter "Defendant") is a Georgia corporation that transacts business in the state of Georgia and within this judicial district.

7. Defendant may be properly served with process via its registered agent for service, to wit: Ravinder S. Tuteja, 4360 Roswell Road, Marietta, Georgia 30062.

## FACTUAL ALLEGATIONS

8. On or about August 9, 2018, Plaintiff was a customer at "Citgo #16 Food Mart," a business located at 4360 Roswell Road, Marietta, Georgia 30062.

9. Defendant is the owner or co-owner of the real property and

improvements that the Facility is situated upon and that is the subject of this action. (The structures and improvements situated upon said real property shall be referenced herein as the "Facility," and said real property shall be referenced herein as the "Property").

10. Plaintiff lives in the near vicinity of the Facility and Property.

11. Plaintiff's access to the business located at 4360 Roswell Road, Marietta, Georgia 30062, Cobb County Property Appraiser's parcel number 16089900280 ("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendant is compelled to remove the physical barriers to access and correct the ADA violations that exist at the Facility and Property, including those set forth in this Complaint.

12. Plaintiff has visited the Facility and Property at least once before and intends on revisiting the Facility once the Facility and Property are made accessible.

13. Plaintiff intends to revisit the Facility and Property to purchase goods and/or services.

14. Plaintiff travelled to the Facility and Property as a customer,

encountered the barriers to access at the Facility and Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at the Facility and Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

15. On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*. (the "ADA").

16. The ADA provided places of public accommodation one and a half years from its enactment to implement its requirements.

17. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 (if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

18. The Facility is a public accommodation and service establishment.

19. The Property is a public accommodation and service establishment.

20. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

21. Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer

employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

22. The Facility must be, but is not, in compliance with the ADA and ADAAG.

23. The Property must be, but is not, in compliance with the ADA and ADAAG.

24. Plaintiff has attempted to, and has to the extent possible, accessed the Facility and the Property in his capacity as a customer of the Facility and Property, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility and Property that preclude and/or limit his access to the Facility and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

25. Plaintiff intends to visit the Facility and Property again in the very near future as a customer in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Facility and Property, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at

5

the Facility and Property that preclude and/or limit his access to the Facility and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

26. Defendant has discriminated against Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility and Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

27. Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the Facility and Property, including those specifically set forth herein, and make the Facility and Property accessible to and usable by Plaintiff and other persons with disabilities.

28. A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to the Facility and Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Facility and Property include, but are not limited to:

**(a)     ACCESSIBLE ELEMENTS:**

(i)     The credit card processing equipment and/or actuators on the gas pumps servicing the Property are at a height exceeding 54 (fifty-four) inches from the ground, in violation of section 308.3.1 of the 2010 ADAAG standards.

(ii)    The accessible parking space on the Property has a cross-slope in excess of 1:48 (one to forty-eight), in violation of section 502.4 of the 2010 ADAAG standards.

(iii)   The access aisle adjacent to the accessible parking space on the Property is not level due to the presence of a ramp within the boundaries of said access aisle, in violation of section 502.4 of the 2010 ADAAG standards.

(iv)    There is an excessive vertical rise at the base of the accessible ramp on the Property, in violation of section 303.2 of the 2010 ADAAG standards.

(v)     The side flares of the above-described ramp have a slope in excess of 1:10 (one to ten), in violation of section

        406.3 of the 2010 ADAAG standards.

(vi)     The vertical reach to multiple beverage and other self-service dispensers in the Facility exceeds the maximum permissible reach ranges set forth in section 308.3.1 of the ADAAG standards.

(vii)     Due to an apparent policy of storing inventory and other items within the accessible routes within the Facility, those routes lack 36 (thirty-six) inches of clear width, in violation of section 403.5.1 of the 2010 ADAAG standards.

**(b)**     **RESTROOMS:**

(i)     The doors to the restroom in the Facility require an opening force in excess of 5 (five) pounds, in violation of section 309.4 of the 2010 ADAAG standards.

(ii)     Further, the doors to the restrooms in the Facility, upon exiting, lacks a proper minimum maneuvering clearance, in violation of section 404.2.4 of the 2010 ADAAG standards.

(iii)     The grab bars/handrails adjacent to the commodes in the

restrooms in the Facility are not positioned in accordance with sections 604.5 and 609.4 of the 2010 ADAAG standards. Specifically, the rear grab bars do not extend 24 (twenty-four) inches past the centerline of said commodes.

(iv)   The lavatories and/or sinks in the restrooms in the Facility have exposed pipes and surfaces that are not insulated or configured to protect against contact with the skin, in violation of section 606.5 of the 2010 ADAAG standards.

(v)   Due to the obstructive positioning of affixed dispensers in the restrooms in the Facility the sink lacks sufficient clear floor space, in violation of section 606.2 of the 2010 ADAAG standards.

29.   The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Facility and Property.

30.   Plaintiff requires an inspection of Facility and Property in order to determine all of the discriminatory conditions present at the Facility and Property

in violation of the ADA.

31. The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

32. All of the violations alleged herein are readily achievable to modify to bring the Facility and Property into compliance with the ADA.

33. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Facility and Property is readily achievable because the nature and cost of the modifications are relatively low.

34. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Facility and Property is readily achievable because Defendant has the financial resources to make the necessary modifications.

35. Upon information and good faith belief, the Facility and Property have been altered since 2010.

36. In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

37. Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility and Property, including those alleged herein.

38. Plaintiff's requested relief serves the public interest.

39. The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendant.

40. Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendant pursuant to 42 U.S.C. §§ 12188 and 12205.

41. Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendant to modify the Facility and Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a) That the Court find Defendant in violation of the ADA and ADAAG;

(b) That the Court issue a permanent injunction enjoining Defendant from continuing its discriminatory practices;

(c) That the Court issue an Order requiring Defendant to (i) remove the physical barriers to access and (ii) alter the subject Facility and

Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(d)  That the Court award Plaintiff's counsel reasonable attorneys' fees, litigation expenses and costs; and

(e)  That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Dated: November 2, 2018.

Respectfully submitted,

/s/Craig J. Ehrlich
Craig J. Ehrlich
Georgia Bar No. 242240
The Law Office of Craig J. Ehrlich, LLC
1123 Zonolite Road, N.E., Suite 7-B
Atlanta, Georgia 30306
Tel: (800) 238-3857
Fax: (855) 415-2480
craig@ehrlichlawoffice.com

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Times New Roman and a point size of 14.

/s/Craig J. Ehrlich
Craig J. Ehrlich